# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEOLA SISLER,** :<br>     **Plaintiff** :<br>:<br>: **CASE NO.**<br>:<br>:<br>**VERSUS** : **JUDGE:**<br>:<br>: **MAG. JUDGE:**<br>:<br>**BELLE CHASSE EMERGENCY,** :<br>**GROUP, LLC AND MIDWEST** :<br>**RECOVERY** :<br>**SYSTEMS, LLC** :<br>     **Defendant** : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by Plaintiff Keola Sisler, an individual consumer, against Defendants, Belle Chasse Emergency Group, LLC ("BELLE CHASSE") and Midwest Recovery System, LLC ("MIDWEST") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA")

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 15 U.S.C. § 1681(p) and 28 U.S.C 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. Venue

in this District is proper in that the Defendant transacts business here, and a substantial part of the events giving rise to this claim occurred in this district. 28 U.S.C. § 1391. U.S.C. 1367(a).

## PARTIES

3. Plaintiff, Keola Sisler, is a natural person residing in Parish of Jefferson, State of Louisiana. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3) and the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

4. Upon information and belief, Defendant, Belle Chasse Emergency Group, LLC, is a Louisiana limited liability company with its principal place of business located at 290 Corporate Blvd., Lafayette, LA 70508. At all pertinent times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692 (a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692 (a)(5)

5. Upon information and belief, Defendant, Midwest Recovery System, LLC, is a Missouri limited liability company with its principal place of business located at 2747 W Clay St., Ste A, St. Charles, MO 63301. At all pertinent times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692 (a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692 (a)(5)

## FACTS BACKGROUND

6. At all pertinent times hereto, Defendants contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. The alleged debt was allegedly incurred from a date of service of July 31 2014 at the medical facility of the defendant, Belle Chasse Emergency Group, LLC, which is at all times

denied. The alleged debt was being collected on behalf of Belle Chasse Emergency Group, LLC in the amount of $1146.00.

8. The defendant, Belle Chasse Emergency Group, LLC, began collection efforts of the alleged debt to no avail. As such, it hired defendant, Midwest Recovery System, LLC, to further continue and intensify collection efforts.

9. Plaintiff advised the Defendants repeatedly that this was not her debt but the defendants continued its collection efforts.

10. The Defendants falsely reported the information regarding the alleged debt owed by the Plaintiff to one or more consumer-reporting agencies and failed to report the debt as being in dispute as required by FDCPA. The Defendants reported the debt as an adverse account.

11. Additionally, the Defendants made an unauthorized credit inquiry on the plaintiff's credit report.

12. Plaintiff disputed the debt and never received any verification of the account.

13. The public reporting to consumer-reporting agencies constitutes defamation as Defendants have publicized false information about the alleged money owed it by Plaintiff, which is false.

14. The public reporting to the consumer-reporting agencies also caused a decrease in the Plaintiff's credit score rating.

15. The conduct of Defendant have proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

16. The conduct of Defendants haves proximately caused Plaintiff past and future

monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

17. All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

18. All actions taken by Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA, and state law and/or that they knew or should has known that their actions were in reckless disregard of the FDCPA, and state law.

19. Defendants has engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and the handling of the account as set forth in this Complaint and as such Defendants is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendants and similar companies.

20. Upon information and belief, Defendants failed to have a procedure in place to assure maximum possible accuracy.

21. As a result of the actions and inactions of defendants, Plaintiff suffered damages, including *but not limited to*, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

## FIRST CLAIM FOR RELIEF
### Violations of the FDCPA against all defendants

22. Plaintiff re-alleges, and incorporates by reference, paragraphs above.

23. Defendants, which are a debt collector under the FDCPA, violated the FDCPA in numerous ways, including but not limited to the following:

    a) Refusing to verify or to provide validation of the debt;

    b) Making numerous and harassing phone calls;

    c) Not showing the account as being in "dispute" of the Plaintiff's credit report;

    d) Falsely reporting the debt on the plaintiff's credit report;

24. Defendant has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

25. Defendant has done so either negligently or willfully.

26. Plaintiff is entitled to actual damages, statutory damages, attorney fees and costs pursuant FDCPA.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF FCRA against all defendants**

27. Plaintiff re-alleges, and incorporates by reference, paragraphs above.

28. Defendant has violated the FCRA in numerous ways, including but not limited to the following:

    a) failed to report to all national consumer reporting agencies that the information was inaccurate or unverifiable;

    b) made an impermissible inquiry on the plaintiff's credit report;

    c) failed to have a procedure to (i) modify the information in their system, (ii) delete the inaccurate or unverifiable information, or

      (iii) block the re-reporting of inaccurate or unverifiable information.

29. Defendant has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

30. Defendant has done so either negligently or willfully.

31. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant 15 U.S.C. § 1681o.

32. Alternatively, Plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to FCRA.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant in an amount that will compensate them for:

a. Statutory damages;

b. Compensatory and actual damages including, but not limited to, any emotional distress, humiliation, reimbursement of compensable costs, and other compensatory damages permitted by law and according to proof at trial;

c. Awarding pre-judgment interest to the Plaintiffs;

d. Awarding the costs and the expenses of this litigation of the Plaintiffs;

e. Awarding reasonable attorneys' fees and costs to the Plaintiffs as provided by law; and

f. Granting all such other relief as Court deems necessary, just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so tried in this action.

Respectfully submitted,

/s/ DASHAWN HAYES

_____

DaShawn Hayes, #34,204
The Hayes Law Firm, PLC
1100 Poydras St., Ste 1530
New Orleans, LA 70163
Phone: 504-799-0374
Fax: 504-799-0375
Attorney for Plaintiff