## IN THE UNITED STATES DISRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEOLA SISLER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BELLE CHASSE EMERGENCY )<br>GROUP, LLC, et al., )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO:  2:20-cv-01167<br><br>JUDGE: Mary Ann Vial Lemmon<br><br>MAGISTRATE JUDGE:<br>Janis van Meerveld |

### DEFENDANT MIDWEST RECOVERY SYSTEMS, LLC'S ORIGINAL ANSWER

Now comes Defendant Midwest Recovery Systems, LLC ("MRS") and provides the following for its Answer to Plaintiff Keola Sisler's ("Sisler") Complaint.

### Introduction

**Complaint 1.** This is an action for actual, statutory and punitive damages brought by Plaintiff Keola Sister, an individual consumer, against Defendants, Belle Chasse Emergency Group, LLC ("BELLE CHASSE") and Midwest Recovery System, LLC ("MIDWEST") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA")

**Answer 1.** MRS admits that Sisler alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA") but denies any violation of or liability under these statutes.

### Jurisdiction and Venue

**Complaint 2.** Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 15 U.S.C. § 1681(p) and 28 U.S.0 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. Venue in this District is proper in that the Defendant transacts business here, and a substantial part of the events giving rise to this claim occurred in this district. 28 U.S.C. § 1391. U.S.C. 1367(a).

**Answer 2.** MRS denies all allegations in Paragraph 2.

## Parties

**Complaint 3.** Plaintiff, Keola Sister, is a natural person residing in Parish of Jefferson, State of Louisiana. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3) and the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

**Answer 3.** MRS admits that Sisler is a natural person but denies any remaining allegation in paragraph 3 of the complaint for lack of knowledge.

**Complaint 4.** Upon information and belief, Defendant, Belle Chasse Emergency Group, LLC, is a Louisiana limited liability company with its principal place of business located at 290 Corporate Blvd., Lafayette, LA 70508. At all pertinent times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692 (a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692 (a)(5)

**Answer 4.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 4 and therefore MRS denies Paragraph 4.

**Complaint 5.** Upon information and belief, Defendant, Midwest Recovery System, LLC, is a Missouri limited liability company with its principal place of business located at 2747 W Clay St., Ste A, St. Charles, MO 63301. At all pertinent times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692 (a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692 (a)(5)

**Answer 5.** MRS admits that it is a Missouri limited liability company with its principal place of business located at 2747 W Clay St., Ste A, St. Charles, MO 63301. At all pertinent times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692 (a)(6) but denies that the account at issue was a "debt" as defined under the FDCPA for lack of knowledge.

## Factual Background

**Complaint 6.** At all pertinent times hereto, Defendants contacted Plaintiff in an attempt to collect an alleged outstanding debt.

**Answer 6.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 6 and therefore MRS denies Paragraph 6.

**Complaint 7.** The alleged debt was allegedly incurred from a date of service of July 31 2014 at the medical facility of the defendant, Belle Chasse Emergency Group, LLC, which is at all times denied. The alleged debt was being collected on behalf of Belle Chasse Emergency Group, LLC in the amount of $1146.00.

**Answer 7.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 7 and therefore MRS denies Paragraph 7.

**Complaint 8.** The defendant, Belle Chasse Emergency Group, LLC, began collection efforts of the alleged debt to no avail. As such, it hired defendant, Midwest Recovery System, LLC, to further continue and intensify collection efforts.

**Answer 8.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 8 and therefore MRS denies Paragraph 8.

**Complaint 9.** Plaintiff advised the Defendants repeatedly that this was not her debt but the defendants continued its collection efforts.

**Answer 9.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 9 and therefore MRS denies Paragraph 9.

**Complaint 10.** The Defendants falsely reported the information regarding the alleged debt owed by the Plaintiff to one or more consumer-reporting agencies and failed to report the debt as being in dispute as required by FDCPA. The Defendants reported the debt as an adverse account.

**Answer 10.** MRS denies all allegations in Paragraph 10.

**Complaint 11.** Additionally, the Defendants made an unauthorized credit inquiry on the plaintiff's credit report.

**Answer 11.** MRS denies all allegations in Paragraph 11.

**Complaint 12.** Plaintiff disputed the debt and never received any verification of the account.

**Answer 12.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 12 and therefore MRS denies Paragraph 12.

**Complaint 13.** The public reporting to consumer-reporting agencies constitutes defamation as Defendants have publicized false information about the alleged money owed it by Plaintiff, which is false.

**Answer 13.** MRS denies all allegations in Paragraph 13.

**Complaint 14.** The public reporting to the consumer-reporting agencies also caused a decrease in the Plaintiffs credit score rating.

**Answer 14.** MRS denies all allegations in Paragraph 14.

**Complaint 15.** The conduct of Defendant have proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiffs credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

**Answer 15.** MRS denies all allegations in Paragraph 15.

**Complaint 16.** The conduct of Defendants haves proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

**Answer 16.** MRS denies all allegations in Paragraph 16.

**Complaint 17.** All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

**Answer 17.** MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 17 and therefore MRS denies Paragraph 17.

**Complaint 18.** All actions taken by Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA, and state law and/or that they knew or should has known that their actions were in reckless disregard of the FDCPA, and state law.

**Answer 18.** MRS denies all allegations in Paragraph 18.

**Complaint 19.** Defendants has engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and the handling of the account as set forth in this Complaint and as such Defendants is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendants and similar companies.

**Answer 19.** MRS denies all allegations in Paragraph 19.

**Complaint 20.** Upon information and belief, Defendants failed to have a procedure in place to assure maximum possible accuracy.

**Answer 20.** MRS denies all allegations in Paragraph 20.

**Complaint 21.** As a result of the actions and inactions of defendants, Plaintiff suffered damages, including *but not limited to,* mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

**Answer 21.** MRS denies all allegations in Paragraph 21.

## First Claim for Relief
## Allegations under the FDCPA against all defendants

**Complaint 22.**   Plaintiff re-alleges, and incorporates by reference, paragraphs above.

**Answer 22.**   MRS fully incorporates by reference the preceding paragraphs as if fully re-written herein.

**Complaint 23.**   Defendants, which are a debt collector under the FDCPA, violated the FDCPA in numerous ways, including but not limited to the following:

a) Refusing to verify or to provide validation of the debt;

b) Making numerous and harassing phone calls;

c) Not showing the account as being in "dispute" of the Plaintiff's credit report;

d) Falsely reporting the debt on the plaintiff's credit report;

**Answer 23.**   MRS denies all allegations in Paragraph 23 and each of its sub-parts.

**Complaint 24.**   Defendant has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

**Answer 24.**   MRS denies all allegations in Paragraph 24.

**Complaint 25.**   Defendant has done so either negligently or willfully.

**Answer 25.**   MRS denies all allegations in Paragraph 25.

**Complaint 26.**   Plaintiff is entitled to actual damages, statutory damages, attorney fees and costs pursuant FDCPA.

**Answer 26.**   MRS denies all allegations in Paragraph 26.

## Second Claim for Relief
## Allegations Under the FCRA against all defendants

**Complaint 27.**   Plaintiff re-alleges, and incorporates by reference, paragraphs above.

**Answer 27.** MRS fully incorporates by reference the preceding paragraphs as if fully re-written herein.

**Complaint 28.** Defendant has violated the FCRA in numerous ways, including but not limited to the following:

a) failed to report to all national consumer reporting agencies that the information was inaccurate or unverifiable;

b) made an impermissible inquiry on the plaintiff's credit report;

c) failed to have a procedure to (i) modify the information in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information.

**Answer 28.** MRS denies all allegations in Paragraph 28 and each of its sub-parts.

**Complaint 29.** Defendant has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

**Answer 29.** MRS denies all allegations in Paragraph 29.

**Complaint 30.** Defendant has done so either negligently or willfully.

**Answer 30.** MRS denies all allegations in Paragraph 30.

**Complaint 31.** Plaintiff is entitled to actual damages, punitive damages,- attorney fees and costs pursuant 15 U.S.C. § 1681o.

**Answer 31.** MRS denies all allegations in Paragraph 31.

**Complaint 32.** Alternatively, Plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to FCRA.

**Answer 32.** MRS denies all allegations in Paragraph 32.

## ADDITIONAL DEFENSES

### Failure to State a Claim

1. Sisler failed to state claim upon which relief can be granted under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. or the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (the "FCRA").

## Bona Fide Error Defense

2.  To the extent that MRS is found to have violated the FDCPA, such violations were unintentional and the result of a bona fide error notwithstanding procedures reasonably adapted to avoid such error, and thus, under 15 U.S.C. § 1692k, the complaint must be dismissed.

## Contributory Negligence

3.  Parties other than MRS may have caused or contributed to the damages that the Sisler claims to have suffered. MRS therefore raises the affirmative defense of contributory negligence.

## Comparative Negligence

4.  Parties other than MRS may have caused or contributed to the damages that the Sisler claims to have suffered. MRS therefore raises the affirmative defense of comparative negligence.

## Fault of Other Parties

5.  Any violation of the law or injuries alleged by the Sisler were the fault of entities beyond the control of MRS.

WHEREFORE, the Complaint should be dismissed with prejudice, all of Sisler's requested relief denied, and MRS should be awarded its costs and fees in defending this action.

Dated: November 2, 2020    Respectfully submitted,
MIDWEST RECOVERY SYSTEMS, LLC

By: */s/ Blake E. Oakes*
BLAKE E. OAKES (30006)
The Oakes Law Firm, LLC
110 Veterans Boulevard, Suite 560
Metairie, LA  70005
Telephone:  (504) 367-3479
Facsimile:  (504) 367-9330
blake@oakeslaw.com
*Attorney for Defendant,*
*Midwest Recovery Systems, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been filed and forwarded **via CM/ECF** on this 2nd day of November 2020 to the following:

**Counsel for Plaintiff**
**DaShawn Paul Hayes**
Hayes Law Firm, PLC
1100 Poydras Street, Suite 1530
New Orleans, LA 70163
504-799-0374
Email: dphayesesquire@gmail.com

/s/ Blake E. Oakes
BLAKE E. OAKES (30006)